# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

REBECCA SUZANNE DENOFRE,

      Plaintiff,

v.                                                Case No. 2:18-CV-132

WELLS FARGO, et al.,                HON. GORDON J. QUIST

      Defendants.
                                /

## **OPINION**

      Plaintiff, Rebecca Suzanne Denofre, proceeding pro se, has filed a complaint against Wells Fargo; Sean Geary, who apparently is a Wells Fargo district manager; Janet LaJoie, who apparently is a Wells Fargo branch manager; Julie Johnson, a sales associate at Shelly's Floral; Susan Johnson, housewife and owner of Eastwood Nursing Center Inc.; and Darlene Korpi, a self-employed cleaner and Denofre's friend since the seventh grade. (ECF No. 1 at PageID.2—7.) As for jurisdiction, Denofre alleges that her claims arise under "The Federal False Claims Act? [and/or] 'Lincoln's Law' Correct?" (*Id.* at PageID.4.)

      Denofre's allegations are somewhat incoherent, difficult to understand, and make little sense. In short, they amount to a conglomeration of legal conclusions and grievances, absent facts suggesting any sort of a legal claim. For instance, as to Defendant Sean Geary, Denofre alleges:

> Sean Geary I am hurt by dishonesty, deception and fraud. I met with Mr. Geary once to report criminal acts fall of 2017. Spoke on phone twice. Fall of 2017. Accessory, aiding and abetting working together with and direction of Janet LaJoie branch manager of Ishpeming branch. Failure to report to upper management. Mr. Sean Geary is my son's Justin Berkel friend. Also friends of Susan Johnson's boys Wayne, Ray and Leander Johnson. Boy's mother Susan Johnson is an accessory to the crime.

(*Id.* at PageID.6.) As to Julie Johnson, Denofre alleges:

> Julie Johnson Suspect of the crime. Perpetrator. Took the $100,00.00 from Susan Johnson. Honor Karl Weber I will ask courts for help. I need a Subpoena to gather the facts. Sean Geary did tell me she was let go for wrongs. Can we bring in an audit regulator to audit all accounts of Mr. Sean Geary, Janet LaJoie and Julie Johnson. Cartoon commentary "The Y in the Road" Trust vs Trickery . . . Letter to the Editor found in the Mining Journal. Interesting!

(*Id.* at PageID.6–7.) And, as to Darlene Korpi, Denofre alleges:

> Darlene Korpi Friend since 7th grade. Cousin of Julie Johnson. Blood is thicker than water. Darlene came to my house on Cooper Lake Road demanding that I get in her husband's truck. Fall of 2016. Witnessed by Mark W. Frailing. I was told by Darlene that this would never be spoken of and I would take to my grave. I'm refusing to be an accessory to a criminal law. What find (sic) of friend would ask this of another friend? She is a accessory.

(*Id.* at PageID.7.) For relief, Denofre requests "punitive damages for all money's lost, plus medical treatment and loss of income[] [a]nd the loss of my best friend of 7th grade because I have the courage to speak out against all these criminals, who refuse to show their 3rd FACE (False Face)." Denofre specifically requests $1 million in damages. (*Id.* at PageID.5.)

On August 7, 2018, the magistrate judge issued an order granting Denofre leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read a *pro se* plaintiff's complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). The Court concludes that Denofre's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Denofre fails to state a discernable claim. First, the False Claims Act does not create a remedy for wrongs done to a private individual. "The False Claims Act provides for restitution to the government of money taken from it by fraud." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) (internal quotation marks and brackets omitted). "Under the Act's *qui tam* provisions, a private individual may bring a civil action on behalf of the United States against

3

persons who knowingly submit false or fraudulent claims to the government for payment in violation of 31 U.S.C. § 3729(a)." *Id.* (footnote omitted). Denofre asserts claims of her own, not on behalf of the United States. Moreover, regardless of whether Denofre cited a proper statute or legal basis for her claims, she fails to allege any facts providing a basis for a viable legal claim, particularly a claim under federal law.

The Court also notes that "[a] complaint may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) (internal quotation marks omitted). For the reasons stated above, the Court also lacks subject matter jurisdiction over Denofre's complaint.

Accordingly, Denofre's complaint will be dismissed.

An Order consistent with this Opinion will be entered.


Dated: August 15, 2018　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE